| ¶WOODARD, Judge.
The trial court awarded Mr. Gilbert Dozier damages for Dean Richard Enterprises, Inc. d/b/a Oil City Cycles’ (Oil City) breach of a contract regarding repairs, which Oil City was to have made to Mr. Dozier’s all terrain vehicle (ATV) at a certain cost, as well as damages for it having converted the ATV. The court awarded $2,200.00 for loss of value, $2,800.00 for loss of use, and $2,500.00 for conversion. Oil City appeals, urging that the trial court erred in finding that it breached a repair contract, awarding damages for loss of value, loss of use, and conversion. We affirm the awards for loss of value, loss of use, and conversion. We cast Oil City with the costs of this appeal.
•■¥ ;fr * * * #
On February 3, 1997, Mr. Dozier took his 1994 Kawasaki 300, four-wheeler ATV, to Oil City, a Kawasaki licensed dealer, for cleaning, an oil change, and minor repairs. On this date, the ATV would run, but it had to be hand cranked or pushed started. Oil City’s mechanic, Mr. Sam Campbell, told Mr. Dozier that the repairs would cost about $400.00.
Two weeks later, Mr. Dozier called Oil City to check on his ATV, and its representative told him that the charges would be $900.00.- He agreed to this price. On March 17, 1997, Mr. Dozier called Oil City’s shop, and, this time, they told him *324 that it would cost $1,100.00. At this point, Oil City had disassembled the engine to examine it. He drove there to meet with the manager, Mr. Vic Musemeche, to discuss the amount of work to be done. The parties agreed to a final price for the repairs, totaling $941.83. This figure was not an estimate; it was the final agreement between the parties.
A few weeks later, Mr. Dozier called Oil City to see about his ATV’s status. Mr. Musemeche told him that it was not ready and that the owner, Mr. Dean Richard, wanted $1,500.00 for the repairs. Oil City contended that the engine must be rebuilt in order for it to be properly repaired. Mr. Dozier requested that they adhere to the original invoice, but Oil City refused, and the ATV remained disassembled in its shop.
Mr. Dozier requested that Oil City make the vehicle available for his pick-up. He waited for a call, and, not receiving one, he called Oil City on April 15, 1997. Mr. | ^Musemeche told him that Mr. Richard instructed him to leave his ATV disassembled until he received $1,500.00.
On April 25, 1997, Mr. Dozier filed suit against Mr. Richard and Mr. Victor Muse-meche, individually. In an amending petition, he, later, added Vesta Insurance Corporation as a defendant.
On August 5, 1997, with the permission of Oil City’s counsel, Mr. Dozier and his counsel went to the Oil City shop to pick up the ATV. Mr. Richard engaged in a shouting match with them and refused to release the vehicle. Oil City never returned the ATV to Mr. Dozier.
The trial court dismissed Vesta Insurance Corporation from the suit on November 5, 1999. Trial began November 8, 1999. During the trial, the court dismissed Mr. Musemeche, as a defendant, just prior to his testimony. Following Mr. Richard’s decision to rest, Mr. Dozier’s counsel moved to add Oil City as a defendant. Over objection, the trial court permitted this amendment. Thereafter, the court dismissed Mr. Richard, individually, from the suit without objection.
Following the trial, the court found that Oil City had breached the repair contract and awarded Mr. Dozier damages of $2,200.00 for loss in value, $2,800.00 for loss of use, and $2,500.00 for conversion. Oil City has appealed this decision, contending that the trial court erred in finding that it had breached the contract and that it erred in its damage awards.
LAW
Bkeach op Contract
Oil City contends that the trial court erred in finding that it breached the repair contract with Mr. Dozier. The question for us is whether this factual finding is manifestly erroneous or clearly wrong.
In Jim Walter Homes, Inc. v. Jessen,[1] we stated that:
Our Supreme Court has recently reiterated the standard of review on appeal in Syrie v. Schilhab, 96-1027 (La.5/20/97); 693 So.2d 1173, 1176 (citations omitted) as follows:
| a A court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong”. This court has announced a two-part test for the reversal of the factfinder’s determinations: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). The issue to be resolved by the reviewing court is not whether the trier of fact is right or wrong but whether the factfinder’s conclusion was a reasonable one. The reviewing court must always keep in *325 mind that if the trial court’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as trier of fact, it would have weighed the evidence differently.
After careful review, we find that the trial court correctly ruled in finding that there was a breach of the repair contract for $941.83, which the record amply supports. Further, after Mr. Musemeche reached an agreement to repair Mr. Dozier’s ATV for $941.83, Oil City’s owner made a decision not to do the repairs for this amount. He ordered that the ATV be left in a disassembled condition until Mr. Dozier paid $1,500.00 and refused to return Mr. Dozier’s property, thus, breaching the contract. This assignment of error is without merit.
Damages
Oil City argues that the trial court erred in its award of $2,200.00 for loss of value of the ATV and $2,800.00 for loss of its use.
An obligor is liable for the damages which his failure to perform the obligation causes.[2] Much discretion is left to the trial court for a reasonable assessment of these damages.[3] These damages were to be measured by the loss which Mr. Dozier sustained.[4] Oil City’s bad faith breach of this contract, in refusing to perform the work for the agreed upon amount and to return the ATV after the dispute arose— Reven in its disassembled condition—rendered it liable for all the damages, foreseeable or not, that were a direct consequence of its failure to perform.[5]
The parties agreed that the value of the ATV, at the time that Mr. Dozier brought it to Oil City, was $2,200.00. However, in its disassembled condition, it had no value to him. Oil City argues that the loss of value should not exceed $700.00, which would be the ATV’s remaining value after the estimated repairs. This argument is without merit. When Mr. Dozier brought the ATV to Oil City, it was still running. Its condition at the time he tendered it to Oil City is the fair value. Therefore, the trial court did not abuse its discretion in this award.
The trial court awarded Mr. Dozier $2,800.00 for loss of use of his ATV. Mr. Dozier used the ATV to transport paying hunters at The Silo Hunting Lodge. Because of Oil City’s breach of the repair contract, the vehicle was not available to him for that purpose. Thus, he purchased another ATV for $6,902.42 to replace the one at Oil City’s shop, and, by the time of trial, he had used it for two years. The $2,800.00 award for loss of use was a direct result of Oil City’s bad faith breach of the repair contract. This was a foreseeable damage, and the trial court did not abuse its great discretion in its award.
This assignment of error is without merit.
Conversion
The trial court awarded Mr. Dozier $2,500.00 for converting his ATV. There is no indication of the trial court as to the specifics of this award; however, our jurisprudence holds that an award for inconvenience and mental anguish is also recoverable in conversion.[6] It is obvious Mr. Dozier suffered inconvenience and aggravation in his attempts to obtain his ATV from Oil City. We affirm this award.
CONCLUSION
There is no error in the trial court’s decision, holding that Oil City breached the repair contract and awarding Mr. Dozier damages of $2,200.00 for the value of *326 his IbATV, $2,800.00 for loss of its use, and $2,500.00 for conversion. We affirm these awards. We cast Oil City with the costs of this appeal.
AFFIRMED.

. 98-1685 (La.App. 3 Cir. 3/31/99); 732 So.2d 699, 702.

. La.Civ.Code art. 1994.

. La.Civ.Code art.1999.

. La.Civ.Code art.1995.

. La.Civ.Code art. 1997.

. See Ducote v. City of Alexandria, 95-1269 (La.App. 3 Cir. 7/17/96); 677 So.2d 1118.